[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 25, 1995 Date of Application May 25, 1995 Date Application Filed June 12, 1995 Date of Decision October 27, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR94-461352.
Jon Schoenhorn, Esq., Defense Counsel, for Petitioner.
Kathleen McNamara, Esq., Assistant State's Attorney, for the State.
Sentence Modified.
The petitioner pleaded guilty to three Counts of Sale of Narcotics and one Count of Violating the Corrupt Organizations and Racketeering Activity Act (CORA).
The plea agreement called for a capped sentence of sixteen years with the petitioner reserving the right to argue for less, but in no event [should he] receive a sentence of less than eight years. The Court imposed concurrent twelve-year sentences on each count for an effective sentence of twelve years.
The Hartford Police Department was conducting an undercover investigation into drug trafficking within the city. The petitioner was videotaped making three sales of heroin on May 6, 1994, which activity was the factual basis for the charges against him.
The petitioner was among approximately twenty-one people arrested during the sweep which targeted drug trafficking in the area.
In arguing for a sentence modification his counsel states that Carter was the first of the twenty-one defendants to plead out and that his sentence was to be the benchmark by which the others would be gauged. Instead, he points out, everyone else got less severe sentences, with the bulk in the range of seven to eight years, including some who had leadership roles in the organized enterprise and had worse criminal records than the petitioner. In essence, he argues that the petitioner's sentence was expected to be the template for the others but, because his was the first case to be disposed of, his sentence was significantly and inappropriately higher than the others.
In arguing against a modification the state's attorney did not refute or deny that the others involved in this sweep received lesser sentences, but argues that petitioner, despite his claims to the contrary, was a leader within the gang enterprise and therefore, a more severe sentence was warranted.
The record neither proves nor disproves whether the petitioner was a leader within the drug-selling enterprise. The CT Page 13743 state's attorney at the sentencing hearing did not argue that he was but argued that he was an active participant in the trafficking taking place. In asking the Court to impose a sixteen year sentence which he termed a "strong sentence" and a "heavy sentence," the state's attorney stressed the deterrence aspect for a particular sentence. Apparently at the time of sentencing only one other of the "sweep" group had been sentenced, one Rodriquez, who was convicted of two sales and who received a seven-year sentence.
The petitioner did have a prior conviction (1991) for possession of cocaine and several misdemeanor convictions, the most recent being a May 1994 charge of interfering with a police officer.
He had been evaluated in March 1995 by CADAC in connection with the present case. CADAC concluded he was alcohol and drug dependent at the time of the offenses and recommended a long term substance abuse treatment program such as Day Top. This conclusion is consistent with petitioner's claim that he was selling drugs to support his own addiction and the pre-sentence report recommended that a split sentence be imposed.
This Division reviews a sentence pursuant to the standards of Practice Book § 43-28. Under the particular circumstances of this case, where it seems the sentence imposed would likely have been less severe if the petitioner had not been the first of the many defendants to be sentenced, but also factoring in the background of the petitioner, including his criminal record, the Division finds there is some disproportionality in the sentence imposed, and orders the sentence be modified to an effective sentence of ten years.
Accordingly, this matter is remanded to the Superior Court for the Judicial District of Hartford/New Britain, at Hartford for re-sentencing. The petitioner shall be re-sentenced to concurrent terms of ten years on each Count for which he was convicted for a total effective sentence of ten years.
Klaczak, O'Keefe and Iannotti, J.s, participated in this decision